LANDRY, Judge,
dissenting.
Because I find the record preponderates clearly in favor of the conclusion that plaintiff, Palmer, was free of negligence, I must disagree with the decision affirming rejection of plaintiff’s claim by the majority herein. It is noteworthy that the trial jury found Appellant guilty of contributory negligence barring his 'recovery and that the majority herein affirmed upon finding that Appellant failed to prove his case. I find both conclusions manifestly erroneous based on the record before the court.
Subject accident occurred at an intersection during the nighttime. Plaintiff Palmer was proceeding upon the superior highway traveling in his proper lane of travel and proceeding at a lawful rate of speed. It was incumbent upon defendant, Wren, to yield to Palmer’s vehicle.
The pivotal issue is whether the impact occurred in Palmer’s lane of travel. The tenor of the majority opinion is that if Palmer had established that he was in fact in his proper lane of travel at the moment of impact, Palmer would have recovered but this he failed to do. This I believe is patently contrary to the testimony and physical evidence which, in my judgment, establishes with an overwhelming preponderance that Palmer was in his proper lane when his vehicle was struck by defendant’s truck.
Admittedly, the investigating officer, State Trooper Milton Breechen, arrived at the scene about 15 to 20 minutes after the accident. Although the officer could not recall specific findings, he was of the opinion, based on his observation of debris, glass and dirt on the highway surface, that the impact occurred near the centerline of the highway inside Palmer’s lane of travel. He also noted that, more likely than not, the evidence he observed appeared to support plaintiff’s version of the accident, namely, that plaintiff was in his proper lane of travel at the instant of impact.
I consider of utmost importance the testimony of defendant Wren who testified on cross-examination that he knew of nothing that plaintiff did to cause the accident. When asked on cross-examination if his testimony was that his vehicle crossed the centerline of the highway and struck plaintiff’s vehicle, he replied: “I say undoubtedly that it must have been that way.”
There is no evidence whatsoever to establish the presence of Appellant’s vehicle at any place except in its own lane of travel prior to the accident. I can find no firmer basis for exonerating a plaintiff from negligence than the testimony of a defendant, whose testimony remains unimpeached, to the effect that he alone was at fault and that plaintiff did nothing to contribute to the accident. I find such a damaging admission, supported by the physical facts and the testimony of a disinterested witness (the state trooper), to be ample proof of plaintiff’s freedom from negligence and defendant’s liability.
I therefore respectfully dissent from the judgment rejecting Appellant’s claim.